IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED ROBERT MARTINEZ,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

Civ. No. 04cv678 RB/ACT
consolidated with
Civ. No. 04-763
Cr. 87-451 BB

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal custody filed June 15, 2004 [Civ. No. 04cv678] and Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal custody filed July 7, 2004 [Civ. No. 04cv763]. This case was referred to the undersigned United States Magistrate Judge on June 8, 2004 to submit proposed findings of fact and recommendations for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1). Having considered the pleadings and the relevant law, the Court recommends that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Civ. No. 04cv678] be transferred to the Tenth Circuit Court of Appeals. The Court also recommends that the parties submit supplemental briefing concerning Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2241 [Civ. No. 04cv763].

## PROPOSED FINDINGS

1.      On October 20, 1987, Petitioner and co-perpetrator, Larry James Mireles, with handguns, robbed a bank and took approximately $2,834.00.  Petitioner was arrested and charged with Armed Robbery in the First Degree.  At the time of the robbery, Petitioner was on state parole. On October 26, 1987, the Corrections Department of the State of New Mexico issued a warrant for Petitioner's arrest for violation of the terms of his state parole.

2.      On December 10, 1987, a United States grand jury returned an indictment against Petitioner charging him with bank robbery.  On March 11, 1988, the Honorable E.L. Mechem directed the Clerk of the United States District Court to issue a writ of habeas corpus ad prosequendum, ordering the administrator of the Bernalillo Count Detention Center to surrender Petitioner to the United States Marshal for purposes of arraignment.  Petitioner was arraigned on March 24, 1988.

3.      Petitioner was brought back before the United States District Court upon a writ of habeas corpus ad prosequendum for purposes of entering a guilty plea on March 3, 1988.  Petitioner came before the Court upon a writ of habeas corpus ad prosequendum for imposition of sentence on July 1, 1988.  Petitioner was sentenced to a term of imprisonment of eighteen years and returned to the county jail on the same day.

4.      Petitioner remained in the Bernalillo County jail from July 1, 1988 until April 25, 1989, when he was taken by the Department of Corrections of the State of New Mexico to begin serving a sentence for violation of his state parole.

5.      Petitioner was taken to the United States Prison at Leavenworth, Kansas to begin

2

serving his federal term of imprisonment on October 1, 1993.

6.      Through an administrative process, Petitioner received credit toward his federal sentence for the time he was in custody between his first time in federal court, March 24 1988 until the date he began serving time on the state parole violation, April 25, 1989.

7.      Petitioner was paroled on December 3, 2003.

8.      On April 26, 2004, The U.S. Parole Commission wrote to Petitioner stating that there was probable cause that Petitioner had violated his conditions of parole.  Response, Exhibit 20.  On July 2, 2004, in a "Notice of Action", the U.S. Parole Commission revoked Petitioner's parole and gave him a "presumptive re-parole date of February 8, 2006."  Response, Exhibit 21.      9      .

On January 20, 1995, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the sentence in his underlying criminal case.  *Martinez v. United States,* Civ. No. 95-37 JP/LCS ("First Application").  In the First Application, Petitioner sought credit for the time he spent in state custody against his federal term of imprisonment.[1]  Specifically, he was seeking credit for the time he served in state prison until his delivery to the U.S. prison at Leavenworth from April 25, 1989 until October 1, 1993.  On December 28, 1995,  Judge James A. Parker dismissed Petitioner's First Application with prejudice.

10.      On June 15, 2004, Petitioner filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Second Application") requesting credit for the time he spent in state custody.

---

[1]An application under 28 U.S.C. §2241 attacks the execution of a sentence rather than its validity.  *United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir. 1986).  Petitioner's First Application clearly challenges the execution of his sentence. Thus, it is more appropriate to construe it as an application pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255.

11.     On July 7, 2004, the Petitioner filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Third Application") requesting that he be released and reinstated to his original parole status.

12.     The Second and Third Applications were consolidated on September 9, 2004.  Docket No. 11.

Second Application.

13.     The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 (incorporating 28 U.S.C. § 2244) prohibits a defendant from filing a second or successive application for habeas corpus unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  28 U.S.C. §§2244(b)(3), *Coleman v. United States*, 106 F.3d 339, 340 (10th Cir. 1997).  The court is not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.  28 U.S.C. § 2244(a).  If the defendant files a second or successive motion without first seeking the required authorization, the district court must transfer the motion to the appellate court in the interest of justice pursuant to 28 U.S.C. § 1631. *Coleman,* 106 F.3d at 341.

14.     Petitioner's First Application sought credit for the time he spent in state custody against his federal term of imprisonment.  Petitioner's Second Application also seeks credit for the time he spent in state custody.  Second Application, Supporting Facts, p. 4.  Petitioner states in his Second Application that the claim raised in the First Application is that the U.S. Marshals violated his rights by not transporting him to prison.  Second Application, p. 3.  In his supporting facts of his sole claim in his Second Application, Petitioner states that the "failure of the U.S. Marshals to execute a lawful Judgment and Committment (sic) Order to transport me to a Federal Prison, has increased

4

my Sentence..."  Second Application, p. 6.  In his "relief sought" of his Second Application, Plaintiff

is seeking credit for the time spent in state custody.  Second Application, Supporting Facts p. 4.  In

the Proposed Findings and Recommended Decision filed on November 22, 1995, the United States

Magistrate Judge addressed the merits of Petitioner's argument and found them unavailing.  Docket

No. 9.  As discussed above, the District Judge adopted these findings and decision.  Docket No 11.

15.      The Supreme Court has stated that a subsequent application may be dismissed if, "(1)

the same ground presented in the subsequent application was determined adversely to the applicant

on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice

would not be served by reaching the merits of the subsequent application."  *Sanders v. United States*,

373 U.S. 1, 15 (1963); *Joost v. U.S. Parole Commission*, 647 F. Supp. 644 (D. Kan. 1986).  The

ends of justice requires review only when the defendant "supplements his constitutional claim with

a colorable showing of factual innocence."  *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Clearly,

Petitioner's Second Application is a second, successive motion for similar relief.

16.      Petitioner appears to argue that he is filing a §2241 writ of habeas corpus because the

relief he sought under §2255 is ineffective.  Petitioner argues that because he did not obtain the relief

sought from his First Application pursuant to §2255, his Second Application pursuant to §2241 is

proper.   An application is not second and successive if the remedy for the first application is

"inadequate or ineffective to test the legality of [Petitioner's] detention."  28 U.S.C. § 2255.

Moreover,  "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is

either inadequate or ineffective."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1999)(quoting

*Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied 377 U.S. 980 (1964).

Moreover ..."habeas corpus is not an additional, alternative, or supplemental remedy, to the relief

afforded by motion in the sentencing court under §2255." *Williams*, 323 F.2d at 673.

   Third Application.

   17.  Petitioner's Third Application alleges that the U.S. Parole Commission acted without authority and failed to follow its own procedures. Third Application, p. 6. Moreover, Petitioner alleges that the U.S. Parole Commission's actions constitute double jeopardy and "[t]here is an implied custody Agreement between the state and Federal Probation." *Id.* at 7 and 8. Respondent asserts that this Application "requests the Court to enter an Order halting his current federal parole violation proceedings." Response, p. 6. Respondent is incorrectly relying on a motion in the record and not the writ. A review of the record shows that Petitioner filed a "Motion for Order to Stop Transfer" by the U.S. Marshals until his writ is resolved. Docket No. 3, July 7, 2004. The Court reads this as a motion to stop his transfer until the underlying writ (Third Application) is resolved. Furthermore, the Respondent argues that "the United States Parole Commission has already addressed and settled the issue of Martinez' parole revocation, the July 7, 2004 §2241 petition is moot and should be denied in all respects..." *Id.* at 7. Respondent offers no cites or analysis of this argument.

   18.  The Court notes that a prisoner challenging a decision of the U.S. Parole Commission is required to exhaust his administrative remedies before seeking habeas relief in federal court. *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994). Exhaustion is required because "the agency is in a superior position to investigate the facts." *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).

   19.  The "Notice of Action" dated July 2, 2004 in which Petitioner's's parole was revoked provides that this decision may be appealed to the National Appeals Board pursuant to 28 U.S.C.§ 2.26. Response, Exhibit 21. Exhaustion has not been addressed by either the Petitioner or the

Respondent.  Thus, the Court will recommend that supplemental briefing be required.

Appointment of counsel.

20.      Petitioner filed a Motion for appointment of counsel in each case.  Docket Nos. 10 and 10.  Factors the Court weighs when considering a motion for appointment of counsel include "'the merits of litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  Having reviewed the pleadings in light of the foregoing factors, the Court finds that Petitioner understands the issues in the case and appears to be representing himself in an intelligent and capable manner.

## RECOMMENDED DISPOSITION

I recommend that:

1.      Having found that the two cases, *Martinez v. United States of America*, Civ. 04-678 and *Martinez v. United States of America*, Civ. 04-763 are procedurally, factually and legally distinct, the Order of Consolidation entered September 9, 2004, should be set aside and each case should proceed separately;

2.      Having found that *Martinez v. United States of America*, Civ. 04-678 is a second successive application, it should be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631;

3.      The Respondent file supplemental briefing in Civ. No. 04cv763 on the issues of mootness and exhaustion, and the merits of Petitioner's Third Application within twenty (20) days of entry of this Order adopting the recommended disposition and Petitioner may respond within

7

twenty (20) days of date of service; and

4.      Petitioner's  Motions for Appointment of Counsel be denied.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


                                                    ALAN C. TORGERSON
                                                    UNITED STATES MAGISTRATE JUDGE