IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FRED ROBERT MARTINEZ,**

    Petitioner,

vs.

                              Civ. No. 04-678 RB/ACT
                              Cr. No. 87-451 BB

**UNITED STATES OF AMERICA,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on a Remand Order from the Tenth Circuit Court of Appeals filed April 21, 2005 concerning Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody filed June 15, 2004. Docket No. 26. This case was referred to the undersigned United States Magistrate Judge on May 5, 2005 to submit proposed findings of fact and recommendations for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1). Docket No. 27. As discussed below, the Court recommends that Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal custody filed June 15, 2004 be denied.

### PROPOSED FINDINGS

1.    On October 20, 1987, Petitioner and co-perpetrator, Larry James Mireles, with handguns, robbed a bank and took approximately $2,834.00. Petitioner was arrested and charged with Armed Robbery in the First Degree. At the time of the robbery, Petitioner was on state parole. On October 26, 1987, the Corrections Department of the State of New Mexico issued a warrant for

1

Petitioner's arrest for violation of the terms of his state parole.

2. On December 10, 1987, a United States grand jury returned an indictment against Petitioner charging him with bank robbery. On March 11, 1988, the Honorable E.L. Mechem directed the Clerk of the United States District Court to issue a writ of habeas corpus ad prosequendum, ordering the administrator of the Bernalillo Count Detention Center to surrender Petitioner to the United States Marshal for purposes of arraignment. Petitioner was arraigned on March 24, 1988.

3. Petitioner was brought back before the United States District Court upon a writ of habeas corpus ad prosequendum for purposes of entering a guilty plea on May 3, 1988. Petitioner came before the Court upon a writ of habeas corpus ad prosequendum for imposition of sentence on July 1, 1988. Petitioner was sentenced to a term of imprisonment of eighteen years and returned to the county jail on the same day.

4. Petitioner remained in the Bernalillo County jail from July 1, 1988 until April 25, 1989, when he was taken by the Department of Corrections of the State of New Mexico to begin serving a sentence for violation of his state parole.

5. Petitioner was taken to the United States Prison at Leavenworth, Kansas to begin serving his federal term of imprisonment on October 1, 1993.

6. Through an administrative process, Petitioner received credit toward his federal sentence for the time he was in custody between his first time in federal court, March 24, 1988 until the date he began serving time on the state parole violation, April 25, 1989.

7. Petitioner was paroled on December 3, 2003.

8. On April 26, 2004, The U.S. Parole Commission ("Parole Commission") wrote to

Petitioner stating that there was probable cause that Petitioner had violated his conditions of parole. Response, Exhibit 20. On July 2, 2004, in a "Notice of Action", the Parole Commission revoked Petitioner's parole and gave him a "presumptive re-parole date of February 8, 2006." Response, Exhibit 21.

9. On January 20, 1995, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the sentence in his underlying criminal case. *Martinez v. United States,* Civ. No. 95-37 JP/LCS ("First Application"). In the First Application, Petitioner sought credit for the time he spent in state custody against his federal term of imprisonment.[1] Specifically, he was seeking credit for the time he served in state prison until his delivery to the U.S. prison at Leavenworth from April 25, 1989 until October 1, 1993. On December 28, 1995, United States District Judge James A. Parker dismissed Petitioner's First Application with prejudice.

10. On June 15, 2004, Petitioner filed this Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Second Application") requesting credit for the time he spent in state custody.

11. On July 7, 2004, the Petitioner filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Third Application") requesting that he be released and reinstated to his original parole status. This matter is before the Tenth Circuit Court of Appeals.

12. In the Remand Order, the Tenth Circuit states that "Mr. Martinez argues that he

---

[1] An application under 28 U.S.C. §2241 attacks the execution of a sentence rather than its validity. *United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir. 1986). Petitioner's First Application clearly challenges the execution of his sentence. Thus, it is more appropriate to construe it as an application pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255.

should be given credit for his federal sentence for time served in state custody. This claim is appropriately considered under 28 U.S.C. §2241."

      13.      28 U.S.C. § 2244(a) states:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judgement or court of the United States on a prior application for a writ of habeas corpus...

Thus, the Court is not required to entertain a § 2241 petition if the legality of the detention has been determined on a prior application. Moreover, if the second petition raises a new claim that could have been raised previously, the abuse-of-the-writ doctrine applies. *McCleskey v. Zant*, 499 U.S. 467 (1991). Thus, if the Petitioner was aware of the factual basis of his claim he must demonstrate cause and prejudice or a fundamental miscarriage of justice if the claim is to be heard. *George v. Perrill*, 62 F.3d 333, 335 (10th Cir. 1995).

      14.      Petitioner's First and Second Applications seek credit for the time he spent in state custody against his federal term of imprisonment. Petitioner states in his Second Application that the claim raised in the First Application is that the U.S. Marshals violated his rights by not transporting him to prison. Second Application, p.3. In his supporting facts of the sole claim in his Second Application, Petitioner states that the "failure of the U.S. Marshals to execute a lawful Judgment and Committment (sic) Order to transport me to a Federal Prison, has increased my Sentence..." Second Application, p. 6. In his "relief sought" of his Second Application, Plaintiff is seeking credit for the time spent in state custody. Second Application, Supporting Facts, p 4.      15.      In the Proposed Findings and Recommended Decision on Petitioner's First Application filed on November 22, 1995, the United States Magistrate Judge addressed the merits of Petitioner's argument and found them

unavailing. Docket No. 9. As discussed above, the District Judge adopted these findings and decision. Docket No. 11.

16. The Court finds that this § 2241 Application is identical to the First Application. Furthermore, to the extent that this Second Application raises any new claims, these claims are predicated on the same factual basis as the First Application and Petitioner has failed to show cause or a fundamental miscarriage of justice.

17. In light of the successive/abusive nature of the instant § 2241 Application, the Court recommends that it be dismissed with prejudice.

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody filed June 15, 2004 be dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**